TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| RICK KASPER, an individual;<br><br>       Plaintiff,<br><br>   vs.<br><br>OTIS ELEVATOR COMPANY, a Foreign Corporation;<br><br>       Defendant. | CASE NO:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW, Plaintiff RICK KASPER (hereinafter, "Plaintiff"), by and through his counsel, Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, was and is an individual residing in the State of Nevada and was employed by Defendant, a foreign corporation doing business in the State of Nevada.

2. At all times relevant hereto, Defendant is an "employer" as defined by federal common law. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

3. Defendant regularly employs fifteen or more persons.

1

4. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

## JURISDICTION AND VENUE

5. The Defendant is now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of 42 U.S.C. § 12101, Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, (ADAA) and 42 U.S.C. Section(s) 1201 *et seq.* and laws of the State of Nevada.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendant resides or resided, and/or regularly conducts business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

9. Plaintiff was terminated from his employment on or about January 17, 2020, and Plaintiff thereafter timely filed a formal charge of discrimination with the Nevada Equal Rights Commission [hereinafter "NERC"]. NERC has a file sharing agreement with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

///

10. Plaintiff promptly and diligently accommodated all NERC and EEOC requests for information and fully cooperated in the investigation of his charge.

11. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

12. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

**FACTUAL ALLEGATIONS**

13. Plaintiff is a qualified individual with a disability within the meaning of the ADAA.

14. Plaintiff was hired by Defendant on December 6, 2019 as an elevator mechanic. He worked at the Venetian Hotel and Casino in Las Vegas. The job requires significant walking.

15. Once, when working, toward the end of the workday, Plaintiff stated that he could "barely walk" to Lead Mechanic Josh Cyriak. Cyriak gave Plaintiff access to use one of the electric carts that were available for elevator mechanics to use. Plaintiff used an electric cart that one time.

16. On January 16, 2020, Plaintiff's supervisor Blake Kostich remonstrated Plaintiff for not keeping up with him while walking and said he noticed that Plaintiff walks with a limp. Plaintiff told Kostich that due to his disability, multiple sclerosis, that Plaintiff's legs tire at the end of the workday. Plaintiff told Kostich that due to his disability he tires at the end of the workday.

17. At no time did Plaintiff have any difficulties in performing the essential functions of his job as an elevator mechanic.

18. Plaintiff was called to Kostich's office on January 17, 2020 and was told that due to Kostich's questions about Plaintiff's limp and Plaintiff's answers to his supervisor's questions, Plaintiff was being required to get a doctor's note clearing him for work and would then have to have an examination despite that at no time did Plaintiff have any difficulties in performing the essential functions of his job as an elevator mechanic.

19. Plaintiff told Kostich on January 17, 2020 that at no time did Plaintiff have any difficulties in performing the essential functions of his job as an elevator mechanic. Kostich then terminated Plaintiff and told him to hand over all company equipment and was escorted off the Venetian premises.

20. Plaintiff obtained a doctor's note stating that Plaintiff was fit for work duty and submitted the doctor's note to Defendant. Defendant informed Plaintiff that the doctor's note that was submitted was not satisfactory and that Plaintiff needed a note from the doctor that diagnosed his disability, multiple sclerosis. Plaintiff informed Defendant that the doctor that diagnosed his disability, multiple sclerosis, three years' time earlier, lived in Plaintiff's former state of New York. Plaintiff was then told that he was no longer an employee of Defendant.

21. At all relevant times, Plaintiff fully, adequately, and completely performed all functions, duties, and responsibilities of his employment with Defendant.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Wrongful Termination Under the ADAA

22. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

23. Defendant's supervisory employee Kostich violated the ADAA by questioning Plaintiff about his limp and compelling Plaintiff to reveal personal medical information that Kostich could not request Plaintiff reveal pursuant to the ADAA.

24. Plaintiff could do his job duties without an accommodation, but Defendant discriminated against Plaintiff by perceiving he could not do his job duties.

///

///

25. Defendant refused to engage in any interactive process and refused to provide a reasonable accommodation to Plaintiff even though a reasonable accommodation in the form of providing an electric scooter was available to Plaintiff.

26. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

27. Defendant's termination of Plaintiff was not based upon any other reasonable reason and was discriminatory as to Plaintiff. Defendant terminated Plaintiff without just cause and because of his disability.

28. Such adverse employment actions by Defendants were in violation of the ADAA.

29. Following Defendant's termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

30. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and othis intangible injuries in an amount to be proven at trial.

31. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

32. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

///

## SECOND CAUSE OF ACTION

### Retaliation Under the ADAA

27. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

28. Defendant refused to interact with Plaintiff and refused to provide Plaintiff with reasonable accommodation for his disability, although Plaintiff was capable of performing his duties if he had been accommodated.

29. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

30. Plaintiff was terminated in retaliation for attempting to engage in the interactive process with Defendant that is required by federal and state law for persons seeking a disability in the workplace and for disability discrimination.

31. Defendant's termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendants terminated Plaintiff without just cause and because of his disability.

32. Such retaliatory adverse employment actions by Defendant was in violation of the ADAA.

33. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to his as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and othis intangible injuries in an amount to be proven at trial.

35. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

36. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## THIRD CAUSE OF ACTION

### Violation of Nevada Statutory Protections

37. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

38. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their disability. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to disability related and motivated discriminatory practices, and retaliatory actions all of which are illegal activities as directed, ratified tolerated by his employers and Plaintiff was discriminated against due to his disability.

39. As a direct and proximate result of Defendant's violation of Nevada law, Plaintiff suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

40. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

41. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiffs to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiffs are entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages.

5. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

7. Such other and further relief as this Court deems just and appropriate.

Dated this 25th day of May 2021.      **HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703    South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
           *Attorney for Plaintiff*